UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PEDRO IBARRA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:18-CV-80-RFC |
| | § | |
| NANCY A. BERRYHILL, | § | |
| *Acting Commissioner of* | § | |
| *the Social Security Administration*[1] | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act and supplemental security income ("SSI") under Title XVI of the Social Security Act. Both parties consented to trial on the merits before a United States Magistrate Judge, and the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules for this district. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

## I.    PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on February 12, 2015, for disability beginning on February 11, 2015. (R:237–47). Plaintiff's applications were initially denied on May 21, 2015, and upon reconsideration on July 20, 2015. (R:175–80, 183–86). A hearing was

---

[1] On March 6, 2018, the Government Accountability Office determined that Nancy Berryhill's continued service as Acting Commissioner of Social Security violated the Federal Vacancies Reform Act of 1998. GOVERNMENT ACCOUNTABILITY OFFICE, *Violation of the Time Limit Imposed by the Federal Vacancies Reform Act of 1998—Commissioner, Social Security Administration* (2018), https://www.gao.gov/assets/700/690502.pdf. Accordingly, this position is now vacant.

held before an administrative law judge ("ALJ") on December 14, 2016, and the ALJ issued an unfavorable decision on March 3, 2017. (R:80–89, 95). Finally, the Appeals Council denied Plaintiff's appeal on January 9, 2018. (R:1–4).

## II. ISSUES

Plaintiff presents the following issues for review:

1. Whether the ALJ erred in her determination of Plaintiff's residual functional capacity ("RFC"); and
2. Whether the ALJ erred by ignoring Plaintiff's subjective complaints of pain.

(ECF. No. 18:2–10).

## III. DISCUSSION

### A. Standard of Review

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986) (quoting *Parsons v. Heckler*, 739 F.2d 1334, 1339 (8th Cir. 1984)).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

### B. Evaluation Process

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a medically determinable impairments that is severe; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairments prevent claimant from performing past relevant work; and (5) whether the impairments prevent the claimant from doing any other work. 20 C.F.R. § 404.1545(a); SSR 96-8p.

An individual applying for benefits bears the initial burden of proving that he is disabled for purposes of the Act. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the burden of proof at the first four steps. Once met, the burden will then shift to the Commissioner to show that there is other substantial gainful employment available that the

claimant is capable of performing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989).

### C. ALJ's Hearing Decision

At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 11, 2015. (R:82). At the second step, the ALJ found that Plaintiff had the following severe impairments: cervicalgia, spondylosis with radiculopathy in the lumbosacral region, and major depressive disorder. (*Id.*). The ALJ found Plaintiff's sleep disorder and right hand pain were not medically determinable impairments. (R:82–83). Finally, the ALJ found Plaintiff's right arm pain and enlarged prostate not severe. (R:83).

At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or medically equaling one of the listed impairments. (*Id.*). Before the fourth step, the ALJ found that Plaintiff had the RFC to perform a full range of light work. (R:85). The ALJ found that Plaintiff was able to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 6 hours out of an 8 hour workday, and sit 6 hours out of an 8 hour workday. (*Id.*). Further, Plaintiff is limited to understanding, remembering, and carrying out simple instructions and making simple decisions. (*Id.*).

At the fourth step, the ALJ found that Plaintiff was unable to perform any past relevant work. (R:87). At the last step, after considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.*). Consequently, the ALJ found that Plaintiff had not been under a disability, as defined, in the Social Security Act, from February 11, 2015, through the date of the decision. (R:88).

### D. Substantial Evidence Supports the ALJ's RFC Determination

Plaintiff contends that the ALJ erred when she determined his RFC. (ECF. No. 18:3–10). Specifically, the ALJ failed to properly consider all of the evidence regarding how much and how long Plaintiff can lift, carry, stand, and walk. (*Id.*). Had the ALJ properly considered all of the evidence, the ALJ would have found Plaintiff unable to perform light work. (ECF. No 18:4).

The ALJ is responsible for determining a plaintiff's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). RFC is defined as "the most you can still do despite your limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). In determining a plaintiff's RFC, the ALJ must consider all of the medically determinable impairments—including non-severe impairments—as well as all of the relevant medical and other evidence. 20 C.F.R. §§ 404.1545(a)(2)-(3); 416.945(a)(2)-(3). In this case, the ALJ found Plaintiff to be able to perform light work. (R:85). The applicable regulations define light work as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 CFR §§ 404.1567(b); 416.967(b); *See also* SSR 83-10.

The record supports the ALJ's RFC determination. First, Plaintiff visited Dr. Augustine O. Eleje on March 16, 2015, for hand, wrist, shoulder, and back pain. (R: 366). In Plaintiff's physical examination, Dr. Eleje found: Plaintiff had normal arm swing and normal heel-toe tandem walking; Plaintiff was ambulatory without assistance; Plaintiff had 5/5 intrinsic hand strength for both hands; Plaintiff was right hand dominant and Plaintiff's right hand showed no swelling, deformity, tenderness, or heat; Plaintiff's cervical ROM showed 40 degrees flexion without pain, 30 degrees extension without pain, 40 degrees L Tilt without pain, 40 degree R Tilt without pain, 80 degrees L Rotation without pain, and 80 degrees R Rotation without pain; Plaintiff's Lumbar ROM showed 100 degrees flexion without pain, 30 degrees extension without pain, 30 degrees L Side bend without pain, 30 degrees R Side bend without pain, 75 degrees L

Rotation without pain, and 75 degrees R rotation without pain; Plaintiff's straight-leg raise test was negative in both the sitting and supine positions; Plaintiff's muscle strength was 5/5 for all groups tested; Plaintiff's musculoskeletal exam showed symmetric strength, normal muscle tone, no atrophy, no abnormal movements, and no contractures; Plaintiff's right and left shoulder showed 180 degrees flexion without pain, 60 degrees extension without pain, 70 degrees adduction without pain, 140 degrees abduction without pain, 50 degrees internal rotation without pain, 50 degrees external rotation without pain; Plaintiff's shoulders showed no swelling, deformity, crepitus, or tenderness; and Plaintiff can hop, squat, pick up a pen, and button his clothes. (R:367). Finally, the ALJ noted that Plaintiff had small anterior osteophytes of lumbar vertebra and negative lumbar spine. (R:368).

In conclusion, Dr. Eleje indicated that Plaintiff had no limitations with sitting, standing, moving about, handling objects, lifting, carrying, hearing, and speaking. (*Id*.). The ALJ gave Dr. Eleje's opinion significant weight because Dr. Eleje had the opportunity to examine Plaintiff personally and administer various tests while doing so; however, the ALJ indicated that the records submitted after this examination showed that Plaintiff was more limited than originally assessed. (R:86). Further, Plaintiff visited Dr. James W. Schutte on May 6, 2015, for a consultative psychological examination. (R:393). Dr. Schutte briefly noted that Plaintiff ambulated without apparent difficulty and did not appear to be in any acute physical distress; however, Plaintiff did hold his right arm at the end of his evaluation. (R: 394).

Moreover, other evidence also supports the ALJ's decision. First, the ALJ noted a MRI of Plaintiff's cervical and lumbar spine. (R:86). The MRI of the cervical spine showed mild loss of vertebral height at C5-T1 but no significant spinal canal or neural foraminal narrowing. (R:497). The MRI of the lumbar spine showed stable appearance of mild degenerative disc disease at L4/5

and L5/S1 without significant spinal canal or neural foraminal narrowing and stable annular fissures at L4/5 and L5/S1. (R:498–99). Plaintiff was also interviewed on February 12, 2015 by the district office. (R:265–67). In this interview, Plaintiff was not observed to display any physical limitations. (R:266).

While Plaintiff extensively details his treatment and medical examinations from Nurse Marcia Chavez and from Plaintiff's physical therapy sessions, these records do not support Plaintiff's contention that he is unable to perform light work. (ECF. No. 18:6–8). Overall, the medical records cited by Plaintiff only support the fact that Plaintiff had medically determinable impairments. The ALJ took these findings into consideration when she determined Plaintiff's RFC and when she determined that Plaintiff had severe cervicalgia, spondylosis with radiculopathy in the lumbosacral region, and major depressive disorder. (R:82, 85–87).

### E. The ALJ Did Not Err by Rejecting Plaintiff's Complaints of Pain

Finally, Plaintiff argues that the ALJ erred by failing to articulate reasons for rejecting Plaintiff's subjective complaints of pain. (ECF. No. 18:8). This contention is also without merit.

The fact that Plaintiff has some pain or discomfort will not render him disabled. *Villalba v. Berryhill*, No. 17–2114, 2018 WL 3212450, at *14 (S.D. Tex. June 29, 2018); 42 U.S.C. § 423(d)(5)(A). First, there must be objective medical evidence showing the existence of a physical or mental impairment which could reasonably be expected to cause pain. 42 U.S.C. § 423(d)(5)(A). Second, statements regarding pain must be reasonably consistent with the objective medical evidence on record. *Id*. Further, pain constitutes a disabling condition only when it is "constant, unremitting, and wholly unresponsive to therapeutic treatment." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). Finally, an ALJ's credibility findings on a

claimant's subjective complaints of the pain are entitled to considerable deference. *Villalba v. Berryhill*, No. 17–2114, 2018 WL 3212450, at *14 (S.D. Tex. June 29, 2018).

In Plaintiff's testimony before the ALJ, Plaintiff testified that he had pain in his lower back, shoulders, right hand, and right leg. (R:102). Plaintiff had been taking medication and going to therapy without much success. (*Id.*). The ALJ considered Plaintiff's complaints of pain in determining Plaintiff's RFC. First, in her decision, the ALJ found Plaintiff's right hand pain to not be a medically determinable impairment, because in March 16, 2015, an examination of Plaintiff's right hand showed no swelling, deformity, tenderness or heat, and Plaintiff's hand strength was 5/5. (R:83). Similarly, the ALJ determined that Plaintiff's right arm pain was not severe, because Plaintiff's right arm pain did not meet the duration requirement of 12 months or more. (*Id.*). Plaintiff does not challenge these two findings. Finally, the ALJ agrees that Plaintiff's neck pain and back pain caused some physical limitations; however, the medical evidence—Plaintiff's MRI scan, Dr. Eleje's opinion, observations from Dr. Schutte, face-to-face interview notes from the district office, and medical evidence from Nurse Chavez—do not support the degree of pain that Plaintiff alleged. (R:86).

## IV. CONCLUSION

The Court concludes that the ALJ's findings are supported by substantial evidence. Thus, the Court **ORDERS** that the decision of the Commissioner be **AFFIRMED**.

**SIGNED** this 4th day of September, 2018.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE